SELSI CO., INC. *v.* UNITED STATES [1]

United States Customs Court, Second Division

(Decided July 20, 1938)

*Lane & Wallace* (*William H. Fox* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Webster J. Oliver* and *Joseph E. Weil,* special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations of barographs. Duty was levied thereon at the rate of $6.25 each and 65 per centum ad valorem under paragraph 368 (a) of the Tariff Act of 1930 as mechanisms or devices of the kind therein made dutiable at those rates. It is claimed that said articles are properly dutiable at 27½ per centum ad valorem under paragraph 372 of said act, as machines not specially provided for.

The plaintiff called one Germain Epstein who testified that he was the same witness who appeared in the case of *Selsi Co., Inc. v. United States,* T. D. 49235, and that the present barographs are similar in every material respect to those which were the subject of that case. At the conclusion of such testimony, and without objection on the part of counsel for the Government, the record in the cited case was incorporated in and made a part of the record in this case.

Counsel for the Government in his brief filed herein contends that the said barographs are properly dutiable under the provision in

[1] C. D. 16.

paragraph 368 of said act for "any mechanism, device, or instrument * * * for recording, indicating, or performing any operation or function at a predetermined time or times."

Argument calculated to meet such contention was fully presented to this court in the case of *Selsi Co., Inc.* v. *United States, supra.* After considering the same, and upon the record there presented, we found the following facts:

1. That the barographs in question are mechanisms composed in chief value of metal which apply or utilize energy or force for the transmission of motion.

2. That the primary purpose of said barographs is to record the rise or fall of atmospheric pressure during each hour of any given week.

3. That said barographs contain as an essential part thereof a clockwork mechanism which is used to furnish the power that rotates a cylinder, the latter being an essential part of the mechanism.

4. That the chief or primary purpose of said instruments is not to measure time, distance, speed, or fares, or the flowage of water, gas, or electricity, or similar uses, or to regulate, indicate, or control the speed of arbors, drums, disks, or similar uses, or to record or indicate time, or to record, indicate, *or perform any operation or function at a predetermined time or times.* [Italics ours.]

In our decision in that case we called attention to the fact that the Congress in writing paragraph 368 of the Tariff Act of 1930 eliminated therefrom the words "having an essential operating feature" found in paragraph 368 of the Tariff Act of 1922. We also observed that this change of legislative intent was recognized by the United States Court of Customs and Patent Appeals in the case of *United States* v. *Cambridge Instrument Co.*, 21 C. C. P. A. 508, T. D. 46970, and upon authority of that case and of the earlier case of *T. D. Downing Co.* v. *United States*, T. D. 39963, G. A. 8726, 45 Treas. Dec. 35, we held that the barographs there under consideration were not properly classifiable under paragraph 368 of the Tariff Act of 1930.

In his brief filed herein counsel for the Government cites as an example the case of an alarm clock, a time switch, or a time vault, as being analogous to the barographs in the instant case. However, in our opinion the cited instances are not analogous. In all three articles named the mechanisms are set for a certain specific predetermined time, and at that precise time the mechanisms function for the purpose for which they were constructed. But in the case of a barograph the mechanism is not set for any particular predetermined time. Its function is continuous. It records atmospheric pressure during the entire period it is in operation. In that respect it is more analogous to a watch which functions continuously from the time it starts until it stops. In other words, the alarm clock, the time switch, and the time vault perform a particular function at a predetermined time as contemplated by said paragraph 368; whereas the barograph performs a particular function but not at a predetermined time but during the entire period of its operation.

On all the facts and the law applicable thereto we see no reason for not adhering to our decision in the case of *Selsi Co., Inc.* v. *United States, supra*. We therefore hold the imported barographs to be properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as machines not specially provided for, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.